# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RICHARD FLOOD, ROBERTO CANTU, ) <br> TERRANCE SMITH, PATRICK FLOOD, ) <br> JACQUELINE DRANNKUS, ) <br> EDWARD WALKER, and DAVID KURCZ, ) <br> on behalf of themselves and a class of others ) <br> similar situated, ) <br> ) <br>                 Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> ROY DOMINGUEZ, individually in his ) <br> official capacity as sheriff of Lake County, Indiana ) <br> KAREN JONES, individually and in her official ) <br> capacity as former warden of Lake County Jail, ) <br> BENNY FREEMAN, individually and in his ) <br> official capacity as warden of Lake County Jail, and ) <br> UNKNOWN LAKE COUNTY JAIL ) <br> SUPERVISORS, ) <br> ) <br>                 Defendants. ) | 2:08 CV 153 PPS PRC |

## OPINION AND ORDER

The defendants in this case – the Lake County Sheriff and others who work in the Lake County Jail including the warden and former warden – ask me to reconsider my order certifying this case as a class action. The defendants (who I will refer to collectively as "the Jail"), in the alternative, ask that I clarify my earlier Order. [DE 110.] The Plaintiffs, a group of inmates in the Lake County Jail, brought this action alleging that the conditions of confinement in the Lake County Jail's holding cells violated the Fourteenth Amendment.[1] I granted the Plaintiffs' motion

---

[1] I assume familiarity with the facts set forth in my Opinion and Order granting class certification. [*See* DE 96.]

-1-

for class certification, certifying a class of: "All detainees of the Lake County, Indiana Jail who were confined in the Jail's holding cells for more than 24 hours on or after May 13, 2006." [*See* DE 96 at 17 (Opinion and Order).] The Jail appealed my decision under Fed. R. Civ. P. 23(f), and the Seventh Circuit denied the appeal. [*See* DE 105.] The Jail now asks me to either reconsider my order granting class certification or at least clarify it. For the following reasons, the motion is **DENIED**.

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Such motions cannot be used to introduce new evidence or legal theories that could have been presented earlier or relitigate old theories already presented to the court. *Caisse Nationale*, 90 F.3d at 1269; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987). Given their limited purpose, courts rarely grant motions to reconsider. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Nonetheless, as an interlocutory order, class certification can be reconsidered at any time before entry of judgment. *See Duffin v. Exelon Corp.*, 2007 WL 1385369, at *2 (N.D. Ill. May 4, 2007); *Wimblerly v. General Motors Corp.,* 1997 WL 30960, at *1 (N.D.Ill. Jan.17, 1997).

The Jail claims that my Opinion failed to address two issues that are crucial to providing notice to class members and necessary to resolving the issues as a class. First, the Jail claims that my Opinion fails to identify the "class claims, issues, or defenses" as is required under Fed. R. Civ. P. 23(c). *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class and the class claims, issues, or defenses"). Specifically, the Jail argues that "the

for class certification, certifying a class of: "All detainees of the Lake County, Indiana Jail who were confined in the Jail's holding cells for more than 24 hours on or after May 13, 2006." [*See* DE 96 at 17 (Opinion and Order).] The Jail appealed my decision under Fed. R. Civ. P. 23(f), and the Seventh Circuit denied the appeal. [*See* DE 105.] The Jail now asks me to either reconsider my order granting class certification or at least clarify it. For the following reasons, the motion is **DENIED**.

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Such motions cannot be used to introduce new evidence or legal theories that could have been presented earlier or relitigate old theories already presented to the court. *Caisse Nationale*, 90 F.3d at 1269; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987). Given their limited purpose, courts rarely grant motions to reconsider. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Nonetheless, as an interlocutory order, class certification can be reconsidered at any time before entry of judgment. *See Duffin v. Exelon Corp.*, 2007 WL 1385369, at *2 (N.D. Ill. May 4, 2007); *Wimblerly v. General Motors Corp.,* 1997 WL 30960, at *1 (N.D.Ill. Jan.17, 1997).

The Jail claims that my Opinion failed to address two issues that are crucial to providing notice to class members and necessary to resolving the issues as a class. First, the Jail claims that my Opinion fails to identify the "class claims, issues, or defenses" as is required under Fed. R. Civ. P. 23(c). *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class and the class claims, issues, or defenses"). Specifically, the Jail argues that "the

class-certification order contains multiple discussions of issues that may be appropriate for class treatment but does not state specifically what claims, issues, or defenses are certified for class treatment." [DE 111 at 4; *citing Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 184 (3d Cir. 2006) (finding that "[c]urrent practice often falls short of [Rule 23(c)'s] standard").]

But the Plaintiffs allege just one claim, which I clearly state in my Opinion granting class certification: that the conditions of confinement in the Lake County holding cells violate the Fourteenth Amendment for inmates held in excess of 24 hours. [*See* DE 96 at 2.] Moreover, the "issues" mentioned in the Opinion that the Jail cites as demonstrating the lack of specificity under Rule 23(c) – no bedding, cold temperatures, lack of hygiene, lack of exercise, small meal portions – are not separate claims, but the common conditions suffered by all class members as a result of uniform policies or practices by the Jail. These conditions show that common issues predominate and will be assessed to determine if the Jail's conditions are unconstitutional. *See Rhodes v. Chapman*, 452 U.S. 337, 362-63 (1981) ("[A] challenge to conditions of confinement must examine the totality of the circumstances"); *DeMallory v. Cullen*, 855 F.2d 442, 445 (7th Cir. 1988) (same). Because my Opinion clearly states the one claim at issue in this case, no more specificity is necessary under Rule 23(c).[2]

Second, the Jail argues that my Opinion left "open the possibility that Plaintiffs can press claims based on inadequate medical care or physical injuries which would be impossible to treat on a class-wide basis." [DE 111 at 2.] But my Opinion is clear that this is not a denial of

---

[2] Notably, this is different than *Watchel*, in which the plaintiffs asserted multiple claims and the trial court's order lacked "a complete list of the claims, issues, or defenses to be treated on a class basis [that] are readily discernible." 453 F.3d at 185, 189 ("[U]se of the phrase 'inter alia' . . . suggests that [the list of claims] is intentionally incomplete").

medical care case. Indeed, I specifically said in the Opinion that "Plaintiffs' beef is with the conditions of confinement, not the denial of medical care." [*See* DE 96 at 7.] I then reiterated the point: "But once again, this is not a denial of medical care case." [*Id*. at 11.] So any claim that the Jail denied an individual adequate medical care is quite simply not part of this case.

Nonetheless, the Jail argues that the "Plaintiffs cannot in a class action proceed with claims that as inmates, the conditions of confinement *caused* a physical injury or *exacerbated* a medical condition." [DE 118 at 3 (emphasis in original).] According to the Jail, if the Plaintiffs are permitted to allege that the conditions of confinement caused physical injuries to individual class members, common issues will not predominate because the court would have to make individual determinations as to liability and damages. It asserts that resolution of these types of individual issues is precisely why conditions of confinement cases are not amenable to class action status. As a result, the Jail asserts that I must either reconsider my order and decertify the class or clearly state that claims of physical injury are not part of the case.

For starters, the Jail's motion fails to introduce newly discovered evidence or note a manifest error of law or fact as is required on a motion for reconsideration. *Caisse Nationale*, 90 F.3d at 1269-70; *see Bank of Waunakee*, 906 F.2d at 1191 (reconsideration proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties" or because of a "significant change in the law or facts since the submission of the issue to the Court."). A motion to reconsider does not allow a party to "relitigate a motion it already had a chance to contest, and lost." *Rothwell Cotton*, 827 F.2d at 252. Yet that is exactly what the Jail is attempting here. The Jail raised these same arguments in its brief in opposition to class certification. [*See* DE 66 at 11-15 (arguing liability

determinations and inquiries into class members' individual injuries would predominate).] Moreover, it presented the *exact same arguments* to the Seventh Circuit – simply cutting and pasting its unsuccessful appellate court briefs and submitting them back to this Court as a motion to reconsider. For this reason alone, its motion fails.

In any event, the Jail's argument has no merit. Contrary to the Jail's claim, courts routinely certify classes of plaintiffs seeking money damages for unconstitutional conditions of confinement in jails and prisons. *See, e.g., Parish v. Sheriff of Cook County*, 2008 WL 4812875 (N.D. Ill. Oct. 24, 2008); *Vodak v. City of Chicago*, 2006 WL 1037151 (N.D. Ill. Apr. 17, 2006); *Dunn v. City of Chicago*, 231 F.R.D. 367 (N.D. Ill. 2005); *Rahim v. Sheahan*, 2001 WL 1263493 (N.D. Ill. Oct. 19, 2001). This is especially true when the plaintiffs are challenging conditions of confinement that are the result of policies or practices uniformly applied to the entire class. *See Blihovde v. St. Croix County, Wis.*, 219 F.R.D. 607, 620 (W.D. Wis. 2003) ("[T]he case law suggests that when the class is challenging a uniform policy, the validity of that policy predominates over individual issues and class certification is appropriate."); *Young v. County of Cook*, 2007 WL 1238920, at *7 (N.D. Ill. Apr. 25, 2007) (same); *Calvin v. Sheriff of Will County*, 2004 WL 1125922, at *4 (N.D. Ill. May 17, 2004) (same). And, as my Opinion explains, this is precisely why class certification is appropriate here. The record before me demonstrated that the alleged conditions common to all detainees – the lack of bedding, cold temperatures, lack of hygiene items, lack of exercise, small meal portions – were the result of the Jail's uniform policies and practices and were applied to all detainees held in the Jail. And, notwithstanding any individual damages determinations, the constitutionality of these policies and practices will be the predominate factor in determining liability. *See, e.g., Parish*, 2008 WL

4812875, at *5-6 (certifying the class despite the individualized nature of the injuries); *Rahim*, 2001 WL 1263493, at *13-14 (same). As such, I held that common issues predominate and a class action is the superior method of adjudicating these claims.

Nonetheless, the Jail argues that the Opinion fails to address whether the Plaintiffs may recover for the physical injuries suffered as a result of the conditions of confinement. According to the Jail, certification is only proper if the plaintiffs are alleging that they suffered general, rather than specific injuries as a result of the conditions of confinement. For example, the Jail argues that while a class member may claim "it was uncomfortable to sleep on the floor," he may not assert "he suffered a physical injury from sleeping on the floor." [DE 118 at 3-4.] This is because the Plaintiffs can't prove liability without individual determinations as to whether the conditions of confinement caused the different physical injuries asserted by the Plaintiffs. And, so the argument goes, if these individual determinations are permitted, common issues will not predominate.

I disagree. First, if a detainee suffered an injury because of a condition of confinement common to all class members, he may recover for that injury. The Jail presents no cases in which a court has limited damages to generic injuries in the way the Jail suggests.

In addition, allowing a plaintiff to recover for physical injuries caused by the common conditions of confinement does not mean that individual determinations predominate over the uniform conditions applied to all class members. As the Seventh Circuit explained:

> If there are genuinely common issues, issues identical across all the claimants, issues moreover the accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings.

*Mejdrech v. Met-Coil Systems, Corp.*, 319 F.3d 910, 911 (7th Cir. 2003). In such a case, a district court has the discretion to certify a class for liability alone and leave individual assessments – including whether a particular condition caused harm to a particular class member – for another day. *See Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010) (a district court may "certif[y] a class for liability alone where damages or causation may require individualized assessments") (citing *Arreola v. Godinez*, 546 F.3d 788, 799-800 (7th Cir. 2008) and *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004)); *see, e.g., Mejdrech*, 319 F.3d at 911-12 (affirming certification of a 1,000 plaintiff "mass tort" case in which the district court reserved "[w]hether a particular class member suffered any legally compensable harm and if so in what dollar amount" for individual hearings).

The following conditions of confinement cases illustrate this principle. In *Rahim*, the court certified a class of hospitalized detainees who were shackled to prison beds all day, every day. 2001 WL 1263493, at *17. The court held that, despite the individualized nature of the injuries and damages, class certification was appropriate because the defendants' standardized course of conduct was applied uniformly to all hospitalized prisoners and this was enough to establish liability. *Id*. at *13-14. Similarly, in *Parish*, the court certified a class of detainees challenging the jail's policy of knowingly denying prescription medication to prisoners despite notice of a serious health need. 2008 WL 4812875, at *6. Rejecting the argument that individual determinations was the only way to resolve a deliberate indifference claim, the court found that while "the individual stories of particular detainees may be illustrative, [] they are unlikely to be determinative of the issue of liability. The predominate issue in the litigation, at least with regard to liability, will be the existence and constitutionality of the defendants' alleged

policies." *Id*. at *5. Finally, in *Dunn*, the court found the commonality and predominance requirements met by a class of detainees held in interrogation rooms for prolonged periods and largely denied food, water, access to bathroom facilities, and meaningful sleep. 231 F.R.D. at 370-71. The court held: "The fact that certain detainees were treated marginally better on an ad hoc basis than others does not alter plaintiffs' allegations that they were subject to *the standard practice* of prolonged detention in interrogation rooms." *Id*. at 373 (emphasis added). Indeed, "that some detainees may have been more or less deprived, or 'tortured' in plaintiffs' conception, does not impede the court's ability to adjudicate whether the shared deprivations suffered by all members [] violated the Constitution." *Id*. at 377.

Each of these courts acknowledged the possibility of varying injuries among the individual class members, but nonetheless held that liability could be determined by assessing the constitutionality of the jail's policies or practices common to all plaintiffs and left damages for another day. *See also Williams v. Lane*, 129 F.R.D. 636, 643-44 (N.D. Ill. 1990) (subsequent conditions of confinement Rule 23(b)(3) class permitted to litigate damages after Rule 23(b)(2) class action adjudicated liability).

The same is true here. As my Opinion explains, the conditions of confinement that were common to all detainees held in the Jail's holding cells were the result of the Jail's uniform policies and practices. Liability will not be determined by analyzing the individual physical injuries suffered by each plaintiff, but rather by assessing the constitutionality of the policies or practices uniformly applied to all class members. So these common conditions predominate. And while the Plaintiffs will eventually have to tie their injuries to the common conditions of confinement, this does not prevent a jury from finding on a class-wide basis that these same

conditions are unconstitutional. *See Dunn*, 231 F.R.D. at 377 ("[W]hile the legality of each condition of confinement must be determined on a case by case basis, each class plaintiff's experience does not require individual analysis" in determining liability); *see also Pella Corp*, 606 F.3d at 394 ("Proximate cause, however, is necessarily an individual issue and the need for individual proof alone does not necessarily preclude class certification."); *Mejdrech*, 319 F.3d at 911-12 (class certification proper where "not only the amount but the fact of damage might vary from class member to class member").

Indeed, rather than liability, the Jail's real beef appears to be the headache associated with individual damages determinations. But, again, as my Opinion explains, and the above cases demonstrate, damages may very well require individual determinations, but this will not defeat class certification. *See Arreola v. Godinez,* 546 F.3d 788, 801 (7th Cir. 2008) (remanding conditions of confinement claim with instructions that individual damages should not in itself preclude class certification). That's because "Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues." *Carnegie v. Household Intern., Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) (noting that most cases settle after a liability determination). In fact, if the Jail's theory was true, and the presence of physical injuries automatically defeated class certification regardless of other common issues, this rule would serve little purpose.

As a result, the common conditions of confinement applied to all class members predominates over the possibility of individual damages determinations. Injuries caused by unconstitutional conditions of confinement that are common to the class members are at play, though we will cross that (damages) bridge if and when we come to it. Class certification was

properly granted.

Accordingly, consistent with my Opinion and Order granting class certification, the Jail's Motion to Reconsider or Clarify Class Certification Order and Request for Hearing is **DENIED**. [DE 110.]

    **SO ORDERED**.

    ENTERED: January 21, 2011.

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT