IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD FLOOD, ROBERTO CANTU, TERRANCE SMITH, PATRICK FLOOD, JACQUELINE DRANKUS, EDWARD WALKER, and DAVID KURCZ, on behalf of themselves and a class of others similarly situated, )<br><br>　　　　　Plaintiffs, )<br><br>　　v. )<br><br>ROY DOMINGUEZ, individually and in his official capacity as sheriff of Lake County, Indiana, CAREN JONES, individually and in her official capacity as former warden of Lake County Jail, BENNY FREEMAN, individually and in his official capacity as warden of Lake County Jail, and UNKNOWN LAKE COUNTY JAIL SUPERVISORS, )<br><br>　　　　　Defendants. ) | Cause No. 2:08-CV-00153-PPS-PRC<br><br>Judge Philip P. Simon<br>Magistrate Judge Paul R. Cherry |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASS**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement. The Court having reviewed the motion and accompanying documents and being sufficiently advised hereby gives its preliminary approval to the proposed Settlement Agreement, orders that notice be sent to the settlement class, appoints class counsel and the claims administrator, and schedules a final approval hearing to determine whether the proposed settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.　The Court finds that the Settlement Agreement is within the range of fairness and reasonableness and grants preliminary approval of it.

2. For purposes of the Settlement Agreement and for settlement only, the Court preliminarily certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All persons confined in the Lake County Indiana Jail at any time from May 13, 2006 to February 1, 2012 and who were confined in the holding cells for a period of twenty-four (24) hours or longer.

Excluded from the Settlement Class are all people who have timely elected to exclude themselves from the Settlement Class in accordance with the Court's Orders.

3. The Court appoints the following Named Plaintiffs as class representatives: Richard Flood, Roberto Cantu, Terrance Smith, Patrick Flood, Jacqueline Drankus, Edward Walker and David Kurcz.

4. The Court appoints Michael Kanovitz, Esq. and the law firm of Loevy & Loevy, 312 North May Street, Suite 100, Chicago, Illinois 60607, to act as class counsel on behalf of the Settlement Class.

5. The Court appoints A.B. Data as Claims Administrator. A.B. Data shall administer the Notice Plan and the settlement, in accordance with the terms and conditions of this Order and the Settlement Agreement.

6. The Court approves the Mailed Notice without material alteration from Exhibit C of the Settlement Agreement. The Court also approves the Claim Form without material alteration from Exhibit C of the Settlement Agreement. The Court directs the Claims Administrator to send the Mailed Notice and Claim Form to potential members of the Settlement Class by first class U.S. mail, postage prepaid, to the last-known address for each such person reflected in Lake County Jail's records. Prior to the mailing, the Claims Administrator shall use address updating services, including the National Change of Address Database, to verify the accuracy of all potential Settlement Class members. In addition, the Claims Administrator shall use all reasonable efforts to identify any Settlement Class members who are currently in the

2

custody of Indiana Department of Corrections and/or the Sheriff of Lake County Indiana, and for those members so identified, the Mailed Notice and Claim Form shall be mailed to the Settlement Class members at the facilities at which they are being held.

7.  In the case of Settlement Class members whose Mailed Notice and/or Claim Forms are returned as undeliverable, if the Claims Administrator subsequently obtains a current address for any such Settlement Class Member, the Claims Administrator shall re-mail the Mailed Notice and Claim Form to the current address.

8.  In addition, as soon as is practicable after the initial mailing of the Notice and Claim Forms, the Administrator shall cause the Newspaper Notice to be published as described in the Settlement Agreement. The Court approves the Published Notice that is without material alteration from Exhibit B of the Settlement Agreement.

9.  The Court directs the Claims Administrator to maintain a toll-free telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class members to speak to live operators or to leave messages in a voicemail box. The Court further directs the Claims Administrator to maintain a website, which shall include, at a minimum, copies of the Settlement Agreement (including exhibits), the Mailed Notice, the Claim Form, and this Order, which may be amended as appropriate during the course of the settlement as agreed to by the parties; and which shall be maintained for at least 180 days after the expiration of the period for the submission of Claim Forms.

10. The Court finds that the parties' plan for Mailed Notice and Published Notice described here and in the Settlement Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise potential members of the Settlement Class of the pendency of the lawsuit and of their right to object and of their right to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and

sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and federal law.

11. To be considered for possible payment, Claim Forms must be mailed to the Claims Administrator and postmarked by no later than 90 days after the Administrator first mails the Notice and Claim Forms to Settlement Class members (the Mailed Notice Date). Any Claim Form postmarked after these dates shall be untimely and invalid. Claim Forms must be signed by the Settlement Class Member, except that Claim Forms may be submitted on behalf of a Settlement Class Member, if accompanied by adequate proof that the person submitting the claim form legally represents the claimant, by (1) the executor or Administrator of a deceased Settlement Class Member's estate, (2) the legal guardian of a Settlement Class Member, or (3) a person with a valid Power of Attorney from the Settlement Class Member.

12. Any member of the Settlement Class who wishes to be excluded from the Settlement Class must comply with the terms set forth in the Settlement Agreement and the Mailed Notice and mail to the Claims Administrator and/or class counsel an appropriate and timely request for exclusion, which must be received by the Claims Administrator or class counsel no later than 90 days after the Mailed Notice Date.  Any Settlement Class member who timely requests exclusion from the Settlement Class in accordance with the Mailed Notice shall not be bound by any orders or judgments entered in this lawsuit and shall not be entitled to receive any benefits provided by the settlement in the event it is finally approved by the Court. Requests for exclusion must be exercised individually by a Settlement Class member, not as or on behalf of a group, class, or subclass, except that such requests may be submitted on behalf of an individual Settlement Class Member by the executor or Administrator of a deceased Settlement Class Member's estate, the legal guardian of a Settlement Class Member, or a person with a valid Power of Attorney from the Settlement Class Member.

13. The Court orders the Claims Administrator, at or before the Final Approval Hearing, to file proof of mailing of the Mailed Notice, as well as a list of all persons who timely requested exclusion from the Settlement Class (along with an affidavit attesting to the accuracy of that list (the "Exclusion List")).

14. Any member of the Settlement Class who does not timely request exclusion as set forth in the Mailed Notice shall be bound by all proceedings, orders, and judgments in this lawsuit, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, as defined in the Settlement Agreement, and even if he or she never received actual notice of this lawsuit or the settlement, as described in further detail in the Settlement Agreement.

15. Unless and until they have timely excluded themselves from the Settlement Class as set forth in the Notice, members of the Settlement Class are also preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, class member, or class representative in any other lawsuit or proceeding in any jurisdiction based on or arising out of the claims and causes of action in this lawsuit and/or the Released Claims or (ii) from attempting to effect an opt-out of a class of individuals in any lawsuit or proceeding in any jurisdiction based on or arising out of the claims and causes of action in this lawsuit and/or the Released Claims.

16. Any member of the Settlement Class who does not timely request exclusion as set forth in the Mailed Notice, and who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement, or to the attorneys' fee award and incentive awards, or to any other aspect of the settlement, must send their objection to the Claims Administrator and to the Court, and those objections must be postmarked by no later than 90 days after the Mailed Notice Date. The addresses of the Claims Administrator and the Court are contained in the class notice. In filing objections in this Court, objectors must comply with all applicable federal rules and laws

and to the requirements described in the following paragraphs. Failure to adhere to these requirements will bar the objection.

17.     To be deemed a valid objection, the objection must contain (1) a heading that refers to this lawsuit by case name (Flood v. Dominguez) and case number (2:08-CV-153); and (2) a statement of the specific legal and factual basis for each objection. Additionally, if a person who objects to the proposed settlement intends to appear before the Court at the Final Approval Hearing, the objector must provide the information described in the next paragraph.

18.     Judge Philip P. Simon will hold a Final Approval Hearing on December 14, 2012, at 9:30 a.m. to determine whether this proposed settlement should be approved. People who object to the proposed settlement have a right to appear and present their objections at the Final Approval Hearing, provided they include the following in their written objections: (1) a statement that the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (2) a list of any witnesses the objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony; and (3) a description of any and all evidence the objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits the objector may introduce at the Final Approval Hearing. Settlement Class members who do not adhere to these requirements may be prohibited from presenting their objections at the Final Approval Hearing.

19.     The right to object to the proposed settlement must be exercised individually by a Settlement Class member or his or her attorney, not as a member of a group, class, or subclass, and, except in the case of a deceased or incapacitated Settlement Class member, not by the act of another person acting or purporting to act in any other representative capacity.

20. The Claims Administrator shall maintain a post office for receiving objections, requests for exclusion, notices of intention to appear, and any other communications regarding this lawsuit.

21. The Claims Administrator shall promptly furnish class counsel, counsel for Defendant, and any counsel of record for members of the Settlement Class with copies of any and all written objections, requests for exclusion, notices of intention to appear, or other communications that come into its possession, except as otherwise provided in the Settlement Agreement.

22. Any petition for award of attorneys' fees, or reimbursement of litigation costs and expenses, or the Named Plaintiffs' Incentive Awards, shall be filed prior to the Final Approval Hearing.

23. A Final Approval hearing shall be held on December 14, 2012, at 9:30 a.m. before the undersigned, Judge Philip P. Simon, at the federal court in Hammond Indiana, 5400 Federal Plaza, Courtroom 4400, for the purpose of determining whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court; whether to issue a final judgment on these matters; and whether to approve the attorneys' fee award and the incentive awards, as set forth in the Settlement Agreement.

**SO ORDERED.**

ENTERED: August 14, 2012.                s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT